UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| HILARY JIPSON, | ) ) ) | |
| Plaintiff, | ) ) | Civil. No. 5:20-cv-00476-GFVT |
| v. | ) ) | |
| FIDELITY LIFE ASSOCIATION, *et al.*, | ) ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) ) | **ORDER** |

*** *** *** ***

This matter is before the Court on Plaintiff Hilary Jipson's Motion to Remand.  [R. 7.]

Ms. Jipson, argues that there is not complete diversity of citizenship, as required by 28 U.S.C. §

1441(b)(2).  *Id.* at 3.  Defendant Fidelity Life Association argues that the citizenship of the other

Defendant, Peoples Bank and Trust Company of Madison County, a Kentucky corporation, may

be disregarded under the doctrine of fraudulent joinder.  [R. 1 at 2; R. 10 at 4.]  For the reasons

that follow, Ms. Jipson's Motion to Remand will be DENIED.

**I**

Norman Bonds owned a $250,000 life insurance policy issued by Fidelity, and the policy

listed Hilary Jipson as the beneficiary.  [R. 1-1 at 3.]  On February 15, 2017, Mr. Bonds died.  *Id.*

at 4.  At that time, Mr. Bonds' policy "was fully paid and binding."  *Id.*  Following Mr. Bonds'

death, however, on March 15, 2017, Ms. Jipson received communication from Fidelity Life

stating that the policy premiums had not been paid.  [R. 7 at 1.]  This communication was

followed by two additional notices from Fidelity in March, eventually leading to Fidelity issuing

a letter "terminating the policy for nonpayment" on April 10, 2017.  *Id.* at 2.  In its answer,

Defendant Peoples Bank admitted that all premium payments on the life insurance policy had in fact been timely and fully made to Fidelity.  [R. 1-1 at 7.]  Fidelity ultimately did not contest Ms. Jipson's claim that the premium payments were completely up to date at the time of Mr. Bonds' death.  [R. 10 at 4.]

On May 8, 2018, Fidelity issued a letter to Ms. Jipson stating that it was denying coverage under policy exclusion "f" of the policy, claiming that Mr. Bonds had taken medicines not prescribed to him by a physician.  [R. 1-1 at 4.]  Ms. Jipson claims that the medications Mr. Bonds took had been properly prescribed and therefore the benefits are payable to her under the policy.  *Id.*

On February 12, 2020, Ms. Jipson filed suit in Garrard Circuit Court against Fidelity Life Association and Peoples Bank and Trust Company of Madison County.  *Id.* at 3.  Peoples Bank filed its answer on February 24, 2020.  *Id.* at 2.  However, service on Fidelity was delayed because the company "had failed to properly update the address for its agent for service of process" in Kentucky.  *Id.* at 3.  The Summons and Complaint were sent via certified mail to Fidelity on October 15 and received by Fidelity in Chicago, Illinois, on October 23.  [R. 1 at 1.]  On October 28, 2020, the Secretary of State mailed the statutorily required return to the Garrard Circuit Court, and this constituted the date of service upon Fidelity.  *Id.*; *see also* KRS § 454.210(3)(b)-(c); *Clark v. Wenger*, 2014 WL 4742989, at *5 (W.D. Ky. Sept. 23, 2014).  On November 27, Fidelity filed a Notice of Removal to this Court, and Ms. Jipson filed a Motion to Remand back to Garrard Circuit Court on December 7.  [R. 1; R. 7.]  Fidelity responded to Ms. Jipson's Motion to Remand on January 4, 2021 [R. 10], and although Ms. Jipson did not file a reply, the reply deadline has now long past and the matter is ripe for review.

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, the removing defendant bears the burden of showing that removal was proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), rev'd on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The general rule regarding removal based on diversity of citizenship is that there must be complete diversity "both at the time that the case is commenced and at the time that the notice of removal is filed" in order to properly remove the case to federal court. *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (emphasis added). Here, although the

matter in controversy purportedly exceeds $75,000,[1] the complaint on its face does not satisfy

the complete diversity requirement of 28 U.S.C. § 1332.  Plaintiff Hilary Jipson is a resident of

Kentucky. [R. 1-1 at 3.]  Defendant Fidelity is considered a resident of Illinois.  [R. 1 at 2; R. 1-1

at 3.]  However, Defendant Peoples Bank is also a citizen of Kentucky, potentially defeating

diversity in this matter.  [R. 1-1 at 3.]  Regardless of whether the case is remanded or remains

before this Court on the basis of diversity jurisdiction, Kentucky is the forum state and its

substantive law will be followed.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir.

2006).  So long as the case remains in federal court, federal procedural law will govern as

applicable, including in establishing the appropriate standards for fraudulent joinder and

dismissal.  *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

**B**

**a**

Fidelity asserts that Peoples Bank was fraudulently joined, and therefore its citizenship

should be ignored for purposes of determining diversity jurisdiction.  [R. 1 at 2.]  Fraudulent

joinder is a "judicially created doctrine that provides an exception to the requirement of complete

diversity."[2]  *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v.*

*John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  This doctrine is used by courts

"when the non-removing party joins a party against whom there is no colorable cause of action."

*Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-*

*Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)).  "The primary purpose of

fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading

---

[1] Mr. Bonds' life insurance policy benefit, and therefore the amount at issue in this lawsuit, is $250,000.  [R. 10-1 at 15.]

[2] "Despite its name, fraudulent joinder does not require any showing of improper motive or fraud."  *Cammack New Liberty, LLC v. Vizterra, LLC*, 2009 WL 2043568, *2 (E.D. Ky. July 13, 2009).

illegitimate claims involving non-diverse parties." *Taco Bell Corp. v. Dairy Farmers of America, Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010). If the Plaintiff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Comm'n*, 579 F.3d at 624 (quoting *Coyne*, 183 F.3d at 493).

Fidelity, the removing party, has the burden of proving fraudulent joinder and must present "sufficient evidence that a plaintiff could not have established a cause of action against [the] non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "[T]he defendant bears a heavy burden to prove fraudulent joinder." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). To resolve a claim of fraudulent joinder, a court may "pierce the pleading" to consider summary judgment evidence, including affidavits presented by the parties. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). Any contested issues of fact should be construed in the non-removing party's favor. *Walker*, 443 F. App'x at 953. Any ambiguities in relevant state law must also be construed in the non-removing party's favor. *Id.*; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

**b**

Here, because there is simply no basis for a claim against Peoples Bank, the Court finds that Peoples Bank was fraudulently joined. In the original Complaint, Ms. Jipson states that the premiums for the insurance policy were paid by a "pre-authorized check from [Mr. Bonds'] checking account at Peoples Bank" and that the insurance policy was "fully paid and binding" at the time of Mr. Bonds' death. [R. 1-1 at 4.] In paragraph eight of the Complaint, Ms. Jipson requests, in relevant part, the following:

> The Plaintiff moves the Court to enter a declaratory judgment establishing that the Fidelity insurance policy identified as #0100773700 was fully paid and binding at the time of the death of Norman Bonds and that the Defendant, Peoples Bank and Trust Company of Madison County paid all policy premiums as drafted by Fidelity.

[R. 1-1 at 4.]

In her motion to remand, Ms. Jipson argues that she has a colorable claim against Peoples Bank because the state court could declare "that the policy of insurance was not in place because Peoples failed to make the regularly scheduled electronic payment." [R. 7 at 4.] Ms. Jipson also argues that even if non-payment of the policy by Peoples Bank is not currently the issue, remand is still warranted because Ms. Jipson may still be entitled to a declaratory judgment under "the Kentucky declaratory action law." *Id.* However, Ms. Jipson is incorrect as to both arguments.

First, Ms. Jipson, Peoples Bank, and Fidelity all agree that premium payments on the insurance policy were up to date at the time of Mr. Bonds' death, which means no controversy exists as to the question of whether the premium payments on the insurance policy were up to date. [R. 1-1 at 4, 6–7; R. 10 at 4.] Given this agreement among the parties, it strains credulity that a state court would find that Peoples Bank failed to make the regularly scheduled electronic payments. This effectively eliminates the existence of any conflict of law or fact between the parties and removes the need for a declaratory judgment as to this issue. *See Cessna Aircraft Co. v. Hartford Acc. & Indem. Co.*, 1995 WL 89368, at *1 (D. Kan. Feb. 8, 1995) (finding that there is "no need for a declaratory judgment" when parties agree about the issue the declaratory judgment would purportedly resolve).

Second, the state law Ms. Jipson points to in her motion to remand, Kentucky's Declaratory Judgment Act, requires "that an actual controversy exists." KRS § 418.040. "An actual controversy occurs when a defendant's position would impair, thwart, obstruct or defeat

plaintiff in his rights." *Sanderson v. Commonwealth*, 2017 WL 3129937, at *2 (Ky. App. July 21, 2017) (quoting *Commonwealth v. Kentucky Ret. Sys.*, 396 S.W.3d 833, 839 (Ky. 2013). Such a controversy does not exist here. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1170 (3d Cir. 1987) ("Before a federal court may grant a declaratory judgment, there must be a live dispute between the parties."). Further, as Fidelity points out, Ms. Jipson's Complaint "does not even allege that Fidelity Life ever contested Ms. Jipson's claim on the basis of policy lapse." [R. 10 at 4.] Instead, the core issue in this case is whether Fidelity properly denied coverage under policy exclusion "f." [R. 1-1 at 4; R. 10 at 2.]

The evidence makes it "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law" as to Peoples Bank, and therefore Ms. Jipson's Motion to Remand will be denied. *Casias*, 695 F.3d at 432–33 (quoting *Alexander*, 13 F.3d at 949).

### III

After careful review of the entire record and arguments by all parties, the Court finds that Fidelity has met the "heavy burden of establishing fraudulent joinder in this matter," as there is no colorable cause of action against Peoples Bank. *Brown v. Indemnity Insurance Company of North America,*, 2017 WL 3015171 (E.D. Ky. July 14, 2017) (citing *Walker*, 443 F. App'x at 953). Because the bank was fraudulently joined, the Court will disregard the citizenship of Peoples Bank for diversity jurisdiction purposes. With the amount in controversy exceeding $75,000, the Court could have had original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), and this matter was properly removed to this Court under 28 U.S.C. § 1441(a). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Ms. Jipson's Motion to Remand **[R. 7]** is **DENIED**.

This the 29th day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge