UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |
|---|---|
| HILARY JIPSON, ) | |
| ) | |
| Plaintiff, ) | Civil. No. 5:20-cv-00476-GFVT-MAS |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| FIDELITY LIFE ASSOCIATION, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Dismiss filed by Peoples Bank & Trust Company of Madison County, now Whitaker Bank, Inc., on April 29, 2021, and renewed on October 26, 2021. [R. 16; R. 27.] For the reasons that follow, this motion will be GRANTED.

**I**

Norman Bonds owned a $250,000 life insurance policy issued by Fidelity, and Hilary Jipson was listed as his beneficiary. When Mr. Bonds died, Fidelity issued a letter to Ms. Jipson stating that it was denying coverage under policy exclusion "f" of the policy, alleging that Mr. Bonds had taken medicines not prescribed to him by a physician. [R. 1-1 at 4.] Ms. Jipson argues that the medications Mr. Bonds took had been properly prescribed and that the benefits are payable to her under the policy. *Id.*

On February 12, 2020, Ms. Jipson filed suit in Garrard Circuit Court against Fidelity Life Association and Peoples Bank and Trust Company of Madison County. *Id.* at 3. Peoples Bank filed its answer on February 24, 2020. *Id.* at 2. Fidelity filed a Notice of Removal to this Court on November 27, and Ms. Jipson filed a Motion to Remand back to Garrard Circuit Court on

December 7. [R. 1; R. 7.] The Court denied Ms. Jipson's motion on March 29, 2021, finding in part that Peoples Bank and Trust had been fraudulently joined to the lawsuit. [R. 13 at 7.] The Court found that there is no controversy in this case related to Peoples Bank and Trust and "there can be no recovery under the law of the state" as to Peoples Bank and Trust. *Id.*

On April 29, 2021, Peoples Bank and Trust filed a motion to dismiss with prejudice all claims against them, arguing that "there exists no set of facts under which the Plaintiff could recover relief against the Bank." [R. 16-1 at 2.] The Bank renewed its motion on October 26, 2021, and Ms. Jipson has failed to respond to the Bank's motion.

## II

Under the Federal Rules of Civil Procedure, a Plaintiff's Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).

Here, the Court has already found that the Bank was fraudulently joined and that there is no actual controversy pertaining to the Bank in this case. [R. 13.] Furthermore, Ms. Jipson has not responded to the Bank's motion, and therefore the Court finds that Ms. Jipson has abandoned the Bank's motion and the arguments contained therein. *See Morris v. City of Memphis*, 2012 WL 3727149, at *2 (W.D. Tenn. Aug. 27, 2012) (finding Plaintiff's failure to contest claims raised at motion to dismiss stage constituted abandonment); *see also Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1357 n.4 (S.D. Fla. 2017) ("When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned.") (quoting *Ramsey v. Bd. of Regents of Univ. Sys. of Ga.*, WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013), *aff'd* 543F. App'x 966 (11th Cir. 2013)).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Peoples Bank & Trust Company of Madison County, now Whitaker Bank, Inc.'s Motion to Dismiss **[R. 16]** is **GRANTED**;

2. Defendant People's Bank & Trust Company of Madison County, now Whitaker Bank, Inc's Renewed Motion to Dismiss **[R. 27]** is **DENIED AS MOOT**; and

3. With no claims remaining against them, Defendant People's Bank & Trust Company, now Whitaker Bank, is **DISMISSED WITH PREJUDICE** from this action.

This the 28th day of January, 2022.


Gregory F. Van Tatenhove
United States District Judge

4